## Miller Appeal

*Donald H. Hamilton,* for appellant.

*Edward D. McLaughlin* and *G. Edgar Bowersox,* for Bethel Township.

SWENEY, J., December 31, 1951.—This matter is before us on appeal from summary conviction. On July 17, 1951, Miller was arrested for violation of a section of the Bethel Township Zoning Ordinance prohibiting trailers. Testimony was taken before the writer hereof and the matter is now ready for final decree.

In January 1947 the township passed an ordinance forbidding the use of trailers in the township. On July 1, 1948, defendant and his wife purchased three and one-half acres of unimproved meadow and woodland in the township and, on August 9, 1950, defendant placed a trailer on the land. The trailer was never actually used for living quarters, but defendant and his wife did spend at least one night there.

Defendant contends that he is not guilty because the evidence does not show that the trailer was used for living purposes; also, that the ordinance is unconsti-

tutional and void because the restriction against trailers is arbitrary and not regulatory and because the entire township is zoned as one residential district.

The township defends upon the ground that the contentions of appellant are not properly raised by this appeal and the township cites the recent case of Commonwealth v. DeBaldo, 169 Pa. Superior Ct. 363, as authority for this position. In the DeBaldo case, the ordinance prohibited mining operations within the township commercial district; informations were filed by the township against defendant charging violations and an appeal was taken to Allegheny County court from convictions before the justice of the peace; defendant, argued, inter alia, that the enforcement of this provision of the ordinance was unreasonable and confiscatory, therefore invalidating said provision, when the facts show that the removal of the coal is necessary to the use and building development of the land; the Superior Court disregarded the argument, holding that the Act of June 24, 1931, P. L. 1206, art. XXXI, sec. 3107, as amended May 27, 1949, P. L. 1955, sec. 59, 53 PS §19092-3107, providing for the creation of a board of adjustment, rendered it necessary for appellants to test their rights by proceeding through that board.

"Only on an appeal from its decision can the constitutionality of the ordinance, as it affects the particular situation of the appellants, be properly tested."

This case appears to be controlling in our present situation. It seems to establish a new concept of fundamental law. It has long been the general rule that an unconstitutional statute, though having the form and name of law, is in reality no law, but is wholly void, and in legal contemplation is as inoperative as if it had never been passed. Such a statute leaves the question that it purports to settle just as it would be had the statute not been enacted: 11 Am. Jur. §148:

"An unconstitutional act is not a law; it confers no rights; it imposes no duties; it affords no protection; it creates no office; it is, in legal contemplation, as inoperative as though it had never been passed."

Norton v. Shelby County, 118 U. S. 425 (6 Supreme Court Reporter 1121):

"Rights cannot be built up under it; contracts which depend upon it for their consideration are void; it constitutes a protection to no one who has acted under it, and no one can be punished for having refused obedience to it before the decision was made. And what is true of an act void *in toto* is true also as to any part of an act which is found to be unconstitutional, and which, consequently, is to be regarded as having never, at any time, been possessed of any legal force": Cooley's Constitutional Limitations, 8th ed., vol. 1, page 382.

Under the rule, as now enunciated by Commonwealth v. DeBaldo, all zoning questions, where constitutionality is considered, must be brought before the zoning board of adjustment for determination. As far as we can discover this places for the first time in our legal history the onus upon a person affected by an act to commence an action to have his position determined and thereby punishes a person for failure to so act. This surely cannot be the law of Pennsylvania; but it is and this court is bound by it unless it does not affect "the particular situation of the appellants." However, we have read and reread the facts in the DeBaldo case, not only as set forth in the Superior Court decision but as reported in the lower court decision (Commonwealth v. DeBaldo, 99 Pitts. L. J. 155) and we cannot discover any fact in the present case which takes it out of the rule.

As a consequence, although we feel strongly that the DeBaldo decision takes away unlawfully and unneces-

sarily fundamental legal rights from our citizens, we must follow the law as given us by our appellate courts and dismiss the appeal. We are hopeful that a further study of this situation by our appellate courts will, in the interest of justice, reverse the DeBaldo case and our present decision.